UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK ANTHONY ADELL,

        Plaintiff,

  v.                                                                                       Case No. 19-C-476

ELLEN RAY,
W. BROWN,
J. PAYNE,
WARDEN GARY BOUGHTON,
JOLINDA WATERMAN,
EMILY DAVIDSON,
CINDI O'DONNELL,
BRAD HOMPE,
K RUNNING, and
R GROCHOWSKI,

        Defendants.

## SCREENING ORDER

Plaintiff Mark Anthony Adell, who is currently serving a state prison sentence at Waupun Correctional Institution (WCI) and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Adell's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Adell has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Adell has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his

complaint, as required under 28 U.S.C. § 1915(a)(2). It appears that Adell lacks the funds to pay an initial partial filing fee. Therefore, the court will waive the initial partial filing fee, 28 U.S.C. § 1915(b)(4), and grant Adell's motion to proceed *in forma pauperis*.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

2

**ALLEGATIONS OF THE COMPLAINT**

Adell's 13-page complaint, to which he attaches 268 pages of exhibits, concerns his attempts to use the Inmate Complaint Review System (ICRS) at Wisconsin Secure Program Facility (WSPF) to file complaints related to his medical care at WSPF. He alleges that the "health care services defendants" intentionally denied him adequate medical attention and that the ICRS complaints he filed regarding his medical care were rejected or confiscated without justification. Dkt. No. 1 at 4. He alleges that Ellen Ray, W. Brown, and J. Payne, whom Adell identifies as inmate complaint examiners (ICE), conspired to reject, confiscate, return, and/or file without assignment of a tracking number various complaints he filed about allegedly inadequate medical care. He further alleges that the ICEs sometimes rejected his complaints based on reasons that had no grounding in law. He claims that the ICEs' treatment of his complaints delayed his receipt of care and caused him unnecessary pain.

**THE COURT'S ANALYSIS**

Adell has failed to state a claim against the "health care services defendants." *Id.* He claims these defendants denied him adequate medical care, but he does not state what each defendant did or failed to do in violation of his constitutional rights. The Eighth Amendment proscribes the unnecessary and wanton infliction of pain, including deliberate indifference to the serious medical needs of prisoners. U.S. Const. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To state an Eighth Amendment claim based on deficient medical care, a plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). Adell's vague allegations of pain are insufficient to allege an objectively serious medical condition, which is "one that has been diagnosed by a

physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Adell has also failed to allege that any of the defendants knew of a substantial risk to his health and disregarded that risk. *See id.*; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). He therefore may not proceed on any claims against the "health care services" defendants.

Adell also fails to state a deliberate indifference claim against the ICEs. An inmate's correspondence to a prison official may establish a basis for personal liability under 42 U.S.C. § 1983 where the correspondence provides sufficient knowledge of a constitutional deprivation and the official facilitates, approves, condones, or turns a blind eye to it. *Perez*, 792 F.3d at 781–82 (citations omitted). "In other words, prisoner requests for relief that fall on 'deaf ears' may evidence deliberate indifference." *Id.* at 782 (quoting *Dixon v. Godinez*, 114 F.3d 640, 645 (7th Cir. 1997)). While Adell alleges that the ICEs rejected, returned, and sometimes confiscated complaints he filed regarding "threats to his health and personal safety," such vague allegations are insufficient to allege a constitutional deprivation that would raise a plausible right to relief were it ignored or otherwise condoned. *See Twombly*, 550 U.S. at 555 (meeting a plaintiff's pleading standard requires more than "labels and conclusions").

Nor are there sufficient allegations that the ICEs turned a blind eye to the complaints. Adell attaches a bevy of inmate complaints and ICE responses to the complaints. To support his broad allegations that the ICE defendants mishandled his complaints, Adell cites Exhibits 1 through Z, which comprise all of the 268 attached exhibits. *See* Dkt. No. 1 at 4. The only exhibits Adell specifically identifies to argue that the ICE defendants improperly confiscated his complaints, *see id.* at 5, do not show that his complaints fell on deaf ears. Exhibit 17 is an ICE return letter from

4

Ray noting that two of Adell's complaints would not be processed or returned because of his failure to comply with Wisconsin Administrative Code § DOC 310.10(5), Dkt. No. 1-1 at 18; Exhibits 21 and 22 are a letter and information request to Ray asking that she return documents she confiscated, and Ray's response, stating "[a]s you were told - the complaints will not be returned," *id* at 24–25; Exhibit 67 is an ICE return letter from Payne informing Adell that his submission is not accepted and will not be returned for failure to comply with § DOC 310.10(5), Dkt. No. 1-2 at 17; Exhibit 70 is an ICE return letter from Brown notifying Adell that his June 14, 2018 submission was not accepted under § DOC 310.10(5) because Adell failed to correct the deficiencies in his first complaint, as set forth in a previous return letter, *id.* at 20; and Exhibit 129 is an ICE return letter from Brown stating that Adell "disregarded all direction" given to him in a previous return letter and resubmitted the same submissions, which Brown noted would not be processed or returned, Dkt. No. 1-4 at 19.

These exhibits suggest that several of Adell's complaints were not returned to him, but non-return does not mean that the ICEs turned a blind eye to a constitutional deprivation. Rather, the ICEs responded to each of Adell's complaints, and to the extent they chose not to accept the complaints, they did so because Adell did not comply with their directions when they first returned the complaint. That Adell disagrees with the ICEs' decisions regarding his inmate complaints does not mean that he can hold them liable under § 1983. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation.").

Adell also fails to state an access-to-courts claim against the ICE defendants. While prisoners have a constitutional right of access to the courts and "state actors must respect that right by not impeding prisoners' efforts to pursue legal claims," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (citations omitted), a plaintiff asserting an access-to-courts claim must allege that he suffered prejudice as a result of the defendants' conduct. *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Prejudice requires allegations of specific facts such as court dates missed, inability to make timely filings, or the loss of a case that could have been won. *See Martin v. Davies*, 917 F.2d 336, 340 (7th Cir. 1990). Adell has failed to allege an actual injury that resulted from the ICE defendants' conduct. *See Ortiz*, 561 F.3d at 671 (citing *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). To the extent his allegations about confiscation contend that he has been prevented from pursuing the grievance process, he has not been impeded because any challenge based on exhaustion is bound to fail when he cannot take the required steps to exhaust his remedies due to interference. *See Spencer v. Sommers*, No. 10-cv-288-bbc, 2011 WL 111581, at *4 (W.D. Wis. Jan. 13, 2011) (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). Moreover, Adell was allowed to use the ICRS grievance system. That some of his complaints were not returned under § DOC 310.10(5) did not impede his ability to pursue his claims in court. *See Johnson v. Meier*, 842 F. Supp. 2d 1116, 1118 (E.D. Wis. 2012); *see also* Dkt. No. 1 at 5 (calling confiscation of inmate complaints a manner of "unlawfully finalizing his complaints").

He fails to state a civil conspiracy claim as well. To state a conspiracy claim under § 1983, a plaintiff must allege that (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights and (2) those individuals were willful participants in joint activity with the state or its agents. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998).

6

Adell alleges that "[a]ll of the claims in this case combine to comprise a conspiracy interposed by all the defendants acting in collusion to prevent plaintiff from redressing the assault lodged to deprive him of the constitution [sic] rights at issue here." Dkt. No. 1 at 10. These allegations are insufficient to state a claim of conspiracy. Alleging conspiracy is not a matter of combining claims, but rather allegations of cohesive, agreed-upon action are required. *See Evers v. Reak*, 21 F. App'x 447, 450 (7th Cir. 2001) (noting that "[v]ague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's [pleading] burden" and that "a complaint must contain factual allegations suggesting that the defendants reached a meeting of the minds" (citation omitted)). Adell's vague and conclusory allegations of conspiracy do not raise a right to relief above a speculative level. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009); *LaPorta v. City of Chicago*, 102 F. Supp. 3d 1014, 1022–23 (N.D. Ill. 2015); *Mirbeau of Geneva Lake, LLC v. City of Lake Geneva*, 746 F. Supp. 2d 1000, 1010 (E.D. Wis. 2010).

Adell also fails to state a First Amendment retaliation claim against the ICE defendants. To state a First Amendment retaliation claim, a plaintiff must allege "that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)). Adell has failed to identify which responses to his multiple complaints exhibit a retaliatory response. His conclusory allegation that among the 268 pages of documents he attached to his complaint the court will find such evidence is insufficient to state a claim. More is required to invoke the court's jurisdiction and require defendants expend the additional time and effort to respond to his federal complaint than

a bare allegation that the defendants retaliated against him. He must at least identify the retaliatory act by pointing to a complaint he filed that the defendants were not justified in rejecting, or allege some fact that would justify even an inference that the defendants did not act appropriately in rejecting his complaints and instead did so in retaliation for his exercise of constitutional rights. He has not done so in the complaint he filed.

For the reasons set forth above, Adell's complaint will be dismissed. He will be allowed one opportunity to cure the defects identified by the court, but to do so, he must file an amended complaint within thirty (30) days of this order. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin, Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is timely received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **thirty days from the date of this order**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

8

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

>   Honorable William C. Griesbach
>   c/o Office of the Clerk
>   United States District Court
>   Eastern District of Wisconsin
>   125 S. Jefferson Street, Suite 102
>   Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide a correct address could result in dismissal of the case for failure to prosecute.

Dated at Green Bay, Wisconsin this __22nd__ day of May, 2019.

                                                s/ William C. Griesbach
                                                William C. Griesbach, Chief Judge
                                                United Stated District Court