UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARK ANTHONY ADELL,

       Plaintiff,

  v.                                  Case No. 19-C-476

ELLEN RAY,
W. BROWN,
J. PAYNE,
GARY BOUGHTON,
JOLINDA WATERMAN,
M. BARTELS,
BETH EDGE,
K. RUNNING, and
R. GROCHOWSKI,

       Defendants.

---

## ORDER SCREENING AMENDED COMPLAINT

---

Plaintiff Mark Anthony Adell, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. The court screened Adell's complaint, determined he failed to state a claim, and allowed him thirty days to file an amended complaint. The court also granted Adell *in forma pauperis* status. Adell has since timely filed an amended complaint, which the court will now screen.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

At all times relevant to this action Adell was housed in Wisconsin Secure Program Facility (WSPF). Adell alleges that he suffers from ulcerative colitis mixed crohns disease, which causes him "great pain, weight loss, dehydration, diarrhea, bowel urgency and a variety of other ancillary symptoms that require daily doses of medications to keep such under control." Dkt. No. 7 at ¶ 2. One medication prescribed to treat his bowel disease is prednisone, a steroid carrying harsh side effects that must be taken daily. Missing a dose of prednisone can trigger not only the bowel symptoms it is intended to treat, but also side effects from failure to taper off the medication. Adell experiences rashes as a symptom of his bowel disease, for which he has been prescribed Eucerin

2

cream. Adell also suffers from severe, chronic migraines, which he controls by taking daily Excedrin.

Adell's complaint identifies numerous instances over the course of several months in 2018 where his medication refills were delayed or denied. Adell's allegations regarding these instances are as follows:

- March 2018: Adell was deprived of Excedrin for several days when M. Bartels erroneously alleged that she dispensed 96 tabs of Excedrin to him. This deprivation caused Adell to experience extreme throbbing migraines. Adell alleges Bartels falsified his medical chart to cover up her actions.

- April 2018: The defendants intentionally caused a two-week delay in his receipt of mesalamine, which was prescribed to treat his bowel disease. Adell claims this delay was "complicated" by staff shortages in WSPF's health services unit (HSU). *Id.* at ¶ 29.

- May 14, 2018: R. Grochowski refused to provide him with a prednisone refill, which contributed to his inability to control his bowel disease symptoms. Grochowski also provided Adell with the wrong rash medication to cause him injury and in retaliation for complaints Adell filed against her regarding her mishandling of medication refills. Adell claims that HSU Supervisor Jolinda Waterman erroneously reported that Grochowski properly handled his rash medication refills in retaliation against him for filing inmate and nursing board complaints against her, thereby prolonging Adell's adverse symptoms. Also on this day, Adell submitted a health services request (HSR) directed to WSPF physician J. Patterson, seeking review of his plan of care and asking that Patterson direct nurses to stop their practice of delaying or denying his receipt of medications. Adell alleges that nurse Beth Edge intercepted the HSR, responded to it, and did not forward it to Patterson, thereby allowing herself and other nurses to escape oversight and the harmful refill practices to continue. Adell alleges Edge intercepted the HSR to retaliate against him for his filing inmate and nursing board complaints against her.

- July 11, 2018: K. Running dispensed him fourteen 20 mg tabs of prednisone and directed him to take one tab per day for two weeks. Adell alleges that Running's instruction ran directly contrary to his physician and gastrointestinal specialist's order that required he receive three 20 mg tabs per day for an indefinite period. Adell claims that Running intended to cause him harm given that she had access to his medical chart and knew about his bowel issues.

3

- July 12, 2018: Bartels falsely claimed that she provided Adell with thirty tabs of prednisone as a basis for denying him a refill to cause him injury and in retaliation for his filing inmate and nursing board complaints about her mishandling of refill requests. This denial and several others by Bartels contributed to Adell's inability to control his bowel symptoms. Adell reported Bartels' mishandling of refills to Waterman, who then turned a blind eye to the complaint in order to prolong Adell's pain and distress.

- August 4, 2018: Running refused to dispense and ignored Adell's prednisone refill, leaving him without prednisone for three days and causing his bowel disease symptoms to flare up.

- September 15, 2018: R. Grochowski falsely reported that she dispensed Eucerin cream to him to cause him injury and in retaliation for several complaints he filed against her regarding mishandling of refill requests.

According to Adell, it was obvious to all defendants that failing to promptly dispense refills of medications—especially prednisone—for his bowel disease would put him at an unreasonable risk of harm. He alleges that various defendants nevertheless delayed or entirely denied him refills of prednisone, Excedrin, and skin creams because he filed grievances against them for mishandling refills. Adell alleges that such delays and denials resulted in great pain, discomfort, and the degradation of his bowel disease.

Adell alleges that Waterman and Gary Boughton turned a blind eye to the defendants' wrongful acts, thereby causing him pain and discomfort. He also alleges that WSPF inmate complaint examiners Ellen Ray, W. Brown, and J. Payne (the ICE defendants) likewise ignored his complaints about Bartels, Running, Grochowski, and Waterman's intentional mishandling of Adell's refill requests. Adell claims that the ICE defendants repeatedly confiscated and refused to return his legitimate complaints and falsely accused him of failing to meet their filing directives as a device to discourage his right to seek redress and to exercise his free speech. They also refused to assign the complaints file numbers so that no reference to the complaints would exist upon

judicial review. From March through October 2018, the ICE defendants refused to accept for filing over fifty legitimate complaints concerning the medical defendants' refill abuses. These refusals combined with Adell's attempts to refile returned complaints caused a backlog of complaints, which led to further confiscations and refusals to file. The ICE defendants' mishandling of Adell's complaints caused him great pain that resulted in the further deterioration of his condition.

Adell filed "a wealth of complaints" against the ICE defendants themselves for turning a blind eye to his serious medical conditions, but the ICE defendants reviewed the complaints and exonerated themselves. *Id.* at ¶ 74. Boughton affirmed the ICE defendants' actions.

### THE COURT'S ANALYSIS

The Eighth Amendment proscribes the unnecessary and wanton infliction of pain, including deliberate indifference to the serious medical needs of prisoners. U.S. Const. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To state an Eighth Amendment claim based on deficient medical care, a plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). Adell alleges objectively serious medical conditions: ulcerative colitis mixed crohns disease, which causes great pain, frequent diarrhea, and bowel urgency, and severe, chronic migraines. *See Turman v. Hawley*, 40 F. App'x 284, 287 (7th Cir. 2002); *Mershah v. Pulaski Cty. Det. Ctr.*, No. 3:16-cv-0961-SMY, 2016 WL 6706259, at *3 (S.D. Ill. Nov. 15, 2016); *Dobbey v. Randle*, No. 11-CV-0146, 2013 WL 4821027, at *5 (N.D. Ill. Sept. 10, 2013). His allegations about rashes, however, do not amount to an objectively serious medical condition. *See Holden v. Knight*, No. 3:15-CV-432JD, 2016 WL 696088, at *3 (N.D. Ind. Feb. 22, 2016) (collecting cases); *Smith v. Schwartz*, No. 10-721-GPM, 2011 WL 2115831, at *3 (S.D. Ill. May 26, 2011) (collecting cases).

Adell also alleges various defendants' subjective indifference toward his serious medical conditions. Adell alleges that: in March 2018, Bartels intentionally denied him Excedrin and falsified a medical chart to cover up her actions; on May 14, 2018, Grochowski refused his prednisone refill and Edge intercepted an HSU that complained about her and other nurses' deficient refill practices; on July 11, 2018, Running intentionally failed to dispense prednisone according to a physician order; on July 12, 2018, Bartels intentionally denied him a prednisone refill; and on August 4, 2018, Running ignored and refused to dispense his prednisone refill. According to Adell, each denial caused him great pain and exacerbated his condition, and each defendant was aware that failure to provide him with timely refills would put him at risk of serious harm. These allegations state Eighth Amendment deliberate indifference claims against Bartels, Grochowski, Running, and Edge. Given the lack of an underlying serious medical condition, any indifference claims related to denials of rash medications are not cognizable. Moreover, Adell's broad allegations regarding the delay in his receipt of mesalamine are also insufficient to state a claim for his failure to allege the personal involvement of individual defendants. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014).

Indifference is also alleged with respect to defendants who turned a blind eye to correspondence informing them of deficient refill practices. An inmate's correspondence to a prison official may establish a basis for personal liability under § 1983 where the correspondence provides sufficient knowledge of a constitutional deprivation and is met with indifference. *Perez*, 792 F.3d at 781–82. Adell alleges that he reported Bartels' mishandling of prednisone refills to Waterman, who turned a blind eye to the complaint in order to prolong Adell's pain and distress. Adell also alleges that Boughton and the ICE defendants ignored his complaints about Bartels, Running,

6

Grochowski, and Waterman's intentional mishandling of refill requests despite knowing the risks of missed refills to his health. These allegations state deliberate indifference claims against Waterman, Boughton, and the ICE defendants.

Adell also alleges First Amendment retaliation claims against Bartels, Grochowski, Running, and Edge. To state such a claim, a plaintiff must allege "that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)). Adell alleges that Bartels, Grochowski, and Running refused to fulfil his refill requests in retaliation for inmate complaints he filed against them. He further alleges that Edge confiscated and denied his HSR about refill abuses in retaliation for complaints he filed against her. Adell's inmate grievances are protected under the First Amendment, *see Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006), and that Adell would be deterred from filing future grievances for fear of further retaliation can be inferred from his allegations. Adell may therefore proceed on retaliation claims against Bartels, Grochowski, Running, and Edge.

He may not proceed on a civil conspiracy claim, however. To state a conspiracy claim under § 1983, a plaintiff must allege that (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights and (2) those individuals were willful participants in joint activity with the state or its agents. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). Adell alleges that "[a]ll of the claims in this case combine to comprise a conspiracy interposed by all of the defendants acting in collusion to deprive him of the constitution [sic] rights

7

at issue here." Dkt. No. 7 at 18. These allegations are insufficient. Alleging conspiracy is not a matter of combining claims, but rather specific allegations of cohesive, agreed-upon action are required. *See Evers v. Reak*, 21 F. App'x 447, 450 (7th Cir. 2001). Adell's vague and conclusory allegations fall far short of this standard. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009); *LaPorta v. City of Chicago*, 102 F. Supp. 3d 1014, 1022–23 (N.D. Ill. 2015).

Nor may Adell proceed on access-to-courts claims against the ICE defendants. Although state actors must respect a prisoner's constitutional right of access to the courts by not impeding the prisoner's efforts to pursue legal claims, *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (citations omitted), a plaintiff raising an access-to-courts claim must allege that he suffered prejudice as a result of the defendants' conduct, such as court dates missed, inability to make timely filings, or the loss of a case that could have been won. *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *Martin v. Davies*, 917 F.2d 336, 340 (7th Cir. 1990). Adell has failed to allege prejudice. His allegations regarding impeded exhaustion efforts are insufficient. *See Spencer v. Sommers*, No. 10-cv-288-bbc, 2011 WL 111581, at *4 (W.D. Wis. Jan. 13, 2011) (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)).

Adell's sole allegation that "[t]he mishandled mesalamine refill was complicated, as well, by constitutionally deficient staff shortages—a chronic problem at WSPF HSU," Dkt. No. 7 at ¶ 29, is not alone sufficient to state an institutional understaffing claim, especially given its conclusory nature and Adell's allegation that "the defendants" intentionally caused the two-week delay in his receipt of mesalamine. *See Twombly*, 550 U.S. at 555.

In sum, Adell may proceed on Eighth Amendment claims against all defendants and First Amendment claims against Bartels, Grochowski, Running, and Edge. He may not proceed on any other claims.

**IT IS THEREFORE ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If Plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide a correct address could result in dismissal of the case for failure to prosecute.

Dated at Green Bay, Wisconsin this __21st__ day of June, 2019.

>s/ William C. Griesbach
>William C. Griesbach, Chief Judge
>United States District Court